**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAHER CONRAD SUAREZ, | No.   16-16902 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02048-KJM-EFB |
| v. | |
| SCOTT KERNAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 11, 2017[**]

Before:   CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

California state prisoner Maher Conrad Suarez appeals pro se from the

district court dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations relating to his gang validation and placement in the administrative

segregation unit and secured housing unit ("SHU") for an indefinite term.   We

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

review de novo a dismissal under Federal Rule of Civil Procedure 12(c).  *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011).  We affirm.

The district court properly dismissed Suarez's action as barred by the doctrine of claim preclusion because Suarez has previously litigated the same claims in California state court against the same parties or their privies.  *See Furnace v. Giurbino*, 838 F.3d 1019, 1023-26 (9th Cir. 2016) (California habeas petition had claim preclusive effect on civil rights litigation because both actions challenged plaintiff's gang validation and SHU placement); *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim preclusive effect on civil litigation); *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of claim preclusion under California law and explaining that California's doctrine of claim preclusion is based on a primary rights theory).

**AFFIRMED.**